IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.:

SANDRA STEWART, as Personal Representative
Of the Estate of ROBERT STEWART,

    Plaintiff,

vs.

HORIZON DIVE ADVENTURES, INC.,
a Florida Corporation; ADD HELIUM, LLC,
a Foreign Limited Liability Company, PETER
SOTIS, individually, and CLAUDIA SOTIS,
Individually,

    Defendants.
_____/

## DEFENDANT, ADD HELIUM, LLC'S NOTICE OF REMOVAL

Defendant, ADD HELIUM, LLC, a Foreign Limited Liability Company, hereby files its Notice of Removal from the Seventeenth Judicial Circuit in and for Broward County, Florida; Case No.: CACE-17-005915, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and respectfully states the following:

    **I.**    **STATEMENT OF THE GROUNDS FOR REMOVAL**

1. This removal is based on diversity of citizenship with the amount in controversy exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

2. This action may be removed to this Court by Defendant pursuant to §§1332, 1441 and 1446 of Title 28 of the United States Code.

3. 28 U.S.C. §§ 1332 provides, in pertinent part:

    (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between

        (1)    citizens of different states;

        (2)    citizens of a State and citizens or subjects of a foreign state;

        (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

        (4)    a foreign state, defined in §1603(a) of this title, as plaintiff and citizens of a state or of different states. *Id.*

4.    28 U.S.C. §1441 provides, in pertinent part:

    (b)    any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. *Id*.

5.    28 U.S.C. §1446 provides, in pertinent part:

    (a)    A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446(a).

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

2

    defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removable on the basis of jurisdiction conferred by § 1332 of this title more than 1 year after commencement of the action. *Id*.

6. In order for this Court to have subject matter jurisdiction over this matter and the Defendant to properly remove the pending State Court action to this Court, the following conditions must be met:

    a. Complete diversity of citizenship between the parties;

    b. The amount in controversy must be in excess of $75,000.00;

    c. The notice of removal must comply with the statutory procedures outlined in 28 U.S.C. § 1446.

7. Defendant, ADD HELIUM, LLC has met all statutory requirements and respectfully requests that this Court accept jurisdiction over this matter.

8. Co-Defendant, PETER SOTIS and Co-Defendant, CLAUDIA SOTIS, consent to removal. Counsel for HORIZON DIVE ADVENTURES, INC. was contacted on May 25, 2017 but has not responded although HORIZON has filed a related action in the United States District Court for the Southern District of Florida, Key West Division.

## II. STATEMENTS APPLICABLE TO REMOVAL UNDER DIVERSITY JURISDICTION

9. A civil action was commenced in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled SANDRA STEWART, as Personal Representative of the Estate of ROBERT STEWART v. HORIZON DIVE ADVENTURES, INC., a Florida Corporation; ADD HELIUM, LLC, a Foreign Limited Liability Company, PETER SOTIS, individually, and CLAUDIA SOTIS, Individually.

10. The Plaintiff filed the original action with the court on March 28, 2017 with an Amended Complaint filed on April 21, 2017. (Copy of the Amended Complaint is attached hereto as Exhibit "A"). ADD HELIUM, LLC has not been served with either the original Complaint or the Amended Complaint. PETER SOTIS was first served with the Amended Complaint on April 26, 2017.

11. The Complaint is a wrongful death action arising from the death of Robert Stewart in international waters off the coast of Florida.

12. The Complaint alleges that on January 30, 2017, Robert Stewart, drown due to negligent acts of all named Defendants.

13. The Amended Complaint sets forth the following causes of action: Claim of Negligence Against HORIZON DIVE ADVENTURES, INC. (Count I); Claim of Negligence Against ADD HELIUM, LLC (Count II); Claim of Negligence Against PETER SOTIS (Count III); Claim of Negligence Against CLAUDIA SOTIS (Count IV); Claim of Negligence per se Against HORIZON DIVE ADVENTURES, INC., (Count V); Claim of Negligence per se Against PETER SOTIS (Count VI); Claim of Negligence per se Against CLAUDIA SOTIS (Count VII).

14. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

15. The Defendant seeks removal to the Southern District of Florida.

16. The undersigned attorney represents Defendant, PETER SOTIS and ADD HELIUM, LLC (in a limited capacity).

17. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the Plaintiff and all other Defendants as is required by law.

18.    Following the filing of this Notice with this Court, a true and correct copy of the same will be filed with the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, Florida, as required by law. (Exhibit "B").

19.    Pursuant to § 1446(a) of Title 28 of the United States Code, true and correct copies of all pleadings contained in the court docked under this section in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, are attached as Composite Exhibit "C".

20.    No previous application for relief sought herein had been made to this Court or any other Court.

### III.    ADMIRALTY AND MARITIME JURISDICTION

21.    This Court additionally has Admiralty and Maritime Jurisdiction given the fact that Mr. Stewart's death occurred in international waters and is accordingly subject to and governed by the Death on the High Seas Act, 46 USCA §§ 30301 to 30308.

22.    As such, this Court additionally holds Admiralty and Maritime Jurisdiction over this claim.

### IV.    DIVERSITY OF PARTIES

23.    One of the two requirements that must be met for this Court to exercise diversity jurisdiction is that Plaintiff, SANDRA STEWART, as Personal Representative of the Estate of ROBERT STEWART, may not be of the same citizenship as the Defendants, HORIZON DIVE ADVENTURES, INC., a Florida Corporation; ADD HELIUM, LLC, a Foreign Limited Liability Company, PETER SOTIS, individually, and CLAUDIA SOTIS, Individually, commonly known as the "complete diversity" requirement. 28 U.S.C. § 1332(a), *Wisconsin Dept. of Corrections v. Shacht*, 118 S. Ct. 2047, 524 U.S. 381 (1981).

24. A corporate defendant's citizenship exists both in the state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. §1332(c)(1).

25. According to the Complaint, at all times material hereto, Plaintiff and the Decedent, Robert Stewart, are/were citizens of Canada. See Amended Complaint at ¶3 and ¶4.

26. Pursuant to the Complaint, it is alleged that the Defendant, HORIZON DIVE ADVENTURES, INC. is a Florida Corporation and Defendants, PETER SOTIS and CLAUDIA SOTIS, are residents of the State of Florida and Defendant, ADD HELIUM, LLC, in turn, is a Delaware Limited Liability Company.

27. Accordingly, there is complete diversity, 28 U.S.C. 1332(a)(1).

## V. AMOUNT IN CONTROVERSY

28. The second requirement that must be met for this Court to exercise diversity jurisdiction is that the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(c)(1).

29. In this action, Plaintiff, SANDRA STEWART, as Personal Representative of the Estate of ROBERT STEWART, demands judgment against HORIZON DIVE ADVENTURES, INC., a Florida Corporation; ADD HELIUM, LLC, a Foreign Limited Liability Company, PETER SOTIS, individually, and CLAUDIA SOTIS, Individually for greater than $75,000.00.

30. Upon information and belief, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

31. Accordingly, on the face of the Complaint, Defendant meets the jurisdictional requirement of the amount in controversy.

32. This motion has been filed in good faith and the Court has original jurisdiction over this action pursuant to 28 U.S.C. 1332.

## VI.     NOTICE OF REMOVAL IS SUFFICIENT AND TIMELY

33. Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the removing party in the State Court action.

34. As detailed herein, this Notice of Removal clearly and plainly sets froth the legal basis for removal and the underlying facts in support. This removal is based on diversity jurisdiction, and the facts clearly set forth that the requirements of complete diversity and amount in controversy threshold have been satisfied.

35. In compliance with the procedures for removal, a copy of all process, pleadings, and orders in the Court docket are provided and attached hereto as Composite Exhibit "D".

36. Additionally, 28 U.S.C. § 1446(b) requires that a notice of removal must be filed thirty (30) days after the receipt by the Defendants of a copy of a paper from which it may be first ascertained that the case is one which is, or has become removable.

37. While ADD HELIUM, LLC has not been served with either the original Complaint or the Amended Complaint; PETER SOTIS and CLAUDIA SOTIS were served with the Complaint on April 26, 2017. As such this Notice of Removal must be filed on or before May 27, 2017.

38. As this Notice of Removal is filed on or before May 27, 2017, Removal is timely.

39. Additionally, 28 U.S.C. § 1446(b) requires that a case may not be Removed on the basis of Jurisdiction conferred by 28 U.S.C. § 1332 more than one (1) year after commencement of this action.

40. This Notice of Removal complies with the requirements and procedures outlined in 28 U.S.C. § 1446 Procedure for Removal.

## VII.  CONCLUSION

As the amount in controversy exceeds the sum of $75,000.00 and the action is between citizens of different states, with the Plaintiff not being a citizen of the State of Florida, this action may be removed pursuant to 28 U.S.C. §1441, 1332(a)(1) and 1446(b).  Complete diversity exists because Defendant, ADD HELIUM, LLC, is a Limited Liability Company organized, incorporated and existing in the State of Delaware and Defendants, PETER SOTIS and CLAUDIA SOTIS, are residents of the State of Florida.  Defendant, PETER SOTIS, has timely complied with all the removal procedures outlined in 28 U.S.C. §1446.  Accordingly, there is original jurisdiction in this Court and Defendant, PETER SOTIS, respectfully requests that this action proceed in this Court as an action properly removed pursuant to U.S.C. § 1332, 1441 and 1446.

## RULE 7.1 CERTIFICATION OF GOOD FAITH

I hereby certify that counsel for the movant has attempted to confer with opposing counsel in a good faith effort to determine if Plaintiff objects to the removal, but at this time the undersigned has not heard back from Plaintiff's counsel regarding the relief sought.

Stewart v. Horizon Dive, et. al.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing document was furnished by CM/ECF this 26<u>th</u> <u>day of May, 2017</u> to:

Attorneys for Plaintiff:
Michael A. Haggard, Esq.
Douglas J. McCarron, Esq.
Pedro P. Echarte, III, Esq.
The Haggard Law Firm, P.A.
330 Alhambra Circle, First Floor
Coral Gables, FL  33134


Attorneys for Defendant, Horizon Dive
Donna E. Albert, Esq.
Law Office of Donna E. Albert, P.A.
7999 North Federal Highway, Suite 320
Boca Raton, Florida 33487

> KENNEDYS AMERICAS LLP
> 1395 Brickell Ave.
> Suite 610
> Miami, FL  33131
> Tel.: (305) 371-1111
> E-Mail: neil.bayer@kenendyslaw.com
>
> By: __/s/ Neil Bayer_____
>         Neil Bayer, Esquire
>         FBN: 615684