**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:17-cv-61064-UU

SANDRA STEWART,

    Plaintiff,

v.

HORIZON DIVE ADVENTURES, INC., *et al.*,

    Defendants.

_____/

**ORDER**

    THIS CAUSE comes before the Court upon *sua sponte* examination of the record.

    THE COURT has considered the pertinent portions of the record and is otherwise fully advised on the premises.

    On March 28, 2017, Plaintiff filed her Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  D.E. 1-2.  In her Complaint, Plaintiff alleges claims for negligence and negligence per se under Florida law against Defendants.  *Id.*  On April 21, 2017, Defendant, Add Helium, LLC ("Add Helium"), was served with Plaintiff's Complaint; on April 22, 2017, Defendant, Horizon Dive Adventures, Inc. ("Horizon Dive"), was served; and on April 26, 2017, Defendants Peter and Claudia Sotis ("Sotis Defendants") were served.  D.E. 10-1, 10-2, 10-3, 10-4.  On May 26, 2017, Add Helium removed this case to the United States District Court for the Southern District of Florida pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.  D.E. 1.  In the Notice of Removal, Add Helium contended that at the time of removal, it "ha[d] not been served with either the original Complaint or the Amended Complaint."  *Id.* ¶ 10.

On June 6, 2017, Plaintiff filed her Motion to Remand. D.E. 10. In her Motion, Plaintiff argues that this case should be remanded for the following reasons: (1) Add Helium failed to timely remove this action; (2) the removal violated the "forum-defendant" rule; (3) removal violates the "unanimity requirement"; and (4) the Death on the High Seas Act, 46 U.S.C. §§ 30301-30308 does not provide an independent basis for removal. *Id.* Defendants filed their Response to Plaintiff's Motion and informed the Court that it does not take any position regarding Plaintiff's Motion. D.E. 12.

28 U.S.C. § 1446 sets out the relevant procedure for removal of lawsuit from state court to federal court and provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service** or other, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b)(1) (emphasis added). "[T]he thirty day time limit for notice of removal begins at the point when the defendant could have intelligent ascertained that the action was removable." *Carney v. Haddock*, Case No. 15-cv-10187, 2016 WL 2869785, at *6 (S.D. Fla. May 16, 2016). "The party seeking to invoke federal jurisdiction through removal has 'the task of proving to the court exactly when the time limit of 28 U.S.C. § 1446 began to run." *Id.* (citing *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003). In ascertaining whether removal was proper, the Court may make "reasonable deductions" and use "common sense" to determine if removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

First, based on the undisputed evidence provided by Plaintiff, Add Helium was served on April 21, 2017 contrary to its own representations that it had not been served with the Notice of Removal. *See* D.E. 10-1. Thus, Add Helium was required to remove this case on or before May

21, 2017 in order to meet the requirements set forth in 28 U.S.C. § 1446. Add Helium failed to do so, and therefore, this case has not been timely removed.

Second, this action may not be removed pursuant to 28 U.S.C. § 1446(b)(2) under the facts of this case because Plaintiff has demonstrated to this Court that <u>all</u> of the Defendants are citizens of Florida, and therefore, this case cannot be removed to the Southern District of Florida. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Third, Plaintiff has also demonstrated that Horizon Dive Adventures has not consented to this removal. Thus, Add Helium's removal violates the unanimity rule required under section 1446(b)(2)(A). *See* 28 U.S.C. § 1446(b)(2) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Finally, the Court agrees with Plaintiff that even though this case does not arise under the Death on the High Seas Act, even if the Court somehow construed Plaintiff's Complaint as implicating this Act, this Act does not provide an independent basis for removal. *See Argandona v. Lloyd's Registry of Shopping*, 804 F. Supp. 326 (S.D. Fla. 1992); *Keegan v. Sterling*, 610 F. Supp. 789 (S.D. Fla. 1985).

Based on the arguments presented in Plaintiff's Motion, the Court is persuaded that this case should be remanded. "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373

(11th Cir. 1998)).  Defendants have failed to demonstrate that this Court has federal jurisdiction over the action.  Accordingly, it is hereby

ORDERED AND ADJUDGED that this action is REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  It is further

ORDERED AND ADJUDGED that this case is CLOSED for administrative purposes and all pending Motions are DENIED AS MOOT.

DONE AND ORDERED in chambers at Miami, Florida this _9th_ day of June, 2017.

_____
UNTIED STATES DISTRICT JUDGE

cc:
 counsel of record via cm/ecf